JOHN S. LEONARDO
United States Attorney
District of Arizona

ANTHONY W. CHURCH
Assistant U.S. Attorney
Arizona State Bar No. 021025
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Anthony.Church@usdoj.gov
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

                    Plaintiff,

        vs.

Robert Lynden Howarth,

                    Defendant.

No. CR-14-0377-PHX-ROS

**PLEA AGREEMENT**

        Plaintiff, United States of America, and Defendant, Robert Lynden Howarth, hereby agree to dispose of this matter on the following terms and conditions:

        1.      **PLEA**

        Defendant will plead guilty to Count One of the Indictment charging the defendant with False Statement During Purchase of a Firearm, a violation of 18 United States Code (U.S.C.) § 924(a)(1)(A), a Class D felony offense.  Defendant consents to the forfeiture allegation alleged in the Indictment.

        2.      **MAXIMUM PENALTIES**

        a.      A violation of 18 U.S.C. § 924(a)(1)(A) is punishable by a maximum fine of $250,000, a maximum term of five years imprisonment, or both, and a term of supervised release of up to three years.  The maximum length of a term of probation for this offense is five years.

        b.      According to the Sentencing Guidelines issued pursuant to the Sentencing

Reform Act of 1984, the Court shall order Defendant to:

(1)     make restitution to any victim of the offense pursuant to 18 U.S.C. §§ 3663, 3663(a) unless the Court determines that restitution would not be appropriate;

(2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)     serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)     pay upon conviction a $100 special assessment for each count to which Defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

c.     The Court is required to consider the Sentencing Guidelines in determining Defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

**3.     <u>AGREEMENTS REGARDING SENTENCING</u>**

a.     Stipulation. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the following is an appropriate disposition of this case:

(1)     There are no agreements with respect to the calculation of defendant's offense level or criminal history.  The Court shall defer the sentencing for a period of 24 months.

(2)     During this 24 month time period the defendant agrees to abide by the following conditions:

(i)     Submit to and follow a program of supervision as directed by the United States Probation Office or Pre-Trial Services, under the same terms and conditions as set forth in the Order Setting Conditions of Release filed in this case on February 21, 2014, with the additional condition that Defendant shall not consume any

1   alcohol.

2           (ii)    Violate no law, Federal, State, or Local. If arrested, defendant is to
3   immediately contact the United States Probation Office or Pre-Trial Services.

4           (iii)   Defendant shall take all medication as directed by his mental health
5   care provider.

6           (iv)    Not to possess or attempt to acquire any firearm or ammunition.

7           (v)     Follow all instructions and orders from the United States Probation
8   Office or Pre-Trial Services.

9       (3)     During the period of deferred sentencing the Court, for good cause shown,
10  may modify the terms of this agreement.

11      (4)     If the defendant should fail at any time and in any way to fulfill each and
12  every one of his obligations under this agreement:

13          (i)     The matter will be set for sentencing forthwith.

14          (ii)    The defendant shall not be allowed to withdraw his guilty pleas.

15          (iii)   The defendant shall be found guilty of Count One of the Indictment
16  and shall be sentenced to no more than the low-end of the advisory U.S.S.G. range as
17  determined by the Court at the defendant's sentencing hearing.

18      (5)     If for the duration of the period of deferred sentencing, the defendant
19  complies with all conditions of this agreement, the felony charge shall be dismissed. In
20  the event the charge is dismissed, Defendant agrees the two firearms, listed in paragraph
21  seven of this plea agreement, will be surrendered to the United States because Defendant
22  has no right to possess them pursuant to 18 U.S.C. § 922(g)(4). Defendant waives and
23  abandons all right, title, and interest in the firearms listed in paragraph seven of this plea
24  agreement.

25  **4.**    **COURT APPROVAL REQUIRED; REINSTITUTION**
            **OF PROSECUTION**
26

27  a.      If the Court, after reviewing this plea agreement, concludes that any

28

- 3 -

1  provision contained herein is inappropriate, it may reject the plea agreement and give the

2  defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

3  11(c)(5).

4      b.      If Defendant's guilty plea or plea agreement is rejected, withdrawn, vacated,

5  or reversed at any time, this agreement shall be null and void, the United States shall be free

6  to prosecute Defendant for all crimes of which it then has knowledge and any charges that

7  have been dismissed because of this plea agreement shall automatically be reinstated.  In

8  such event, Defendant waives any and all objections, motions, and defenses based upon the

9  Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later

10 charges or proceedings.  Defendant understands that any statements made at the time of

11 Defendant's change of plea or sentencing may be used against Defendant in any subsequent

12 hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

13      5.      **WAIVER OF DEFENSES AND APPEAL RIGHTS**

14      Defendant waives (1) any and all motions, defenses, probable cause determinations,

15 and objections that the defendant could assert to the indictment or information; and (2) any

16 right to file an appeal, any collateral attack, and any other writ or motion that challenges the

17 conviction, an order of restitution or forfeiture, the entry of judgment against the defendant,

18 or any aspect of the defendant's sentence, including the manner in which the sentence is

19 determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing

20 appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to

21 file a motion for modification of sentence, including under Title 18, United States Code,

22 Section 3582(c).  Defendant acknowledges that this waiver shall result in the dismissal of

23 any appeal, collateral attack, or other motion the defendant might file challenging the

24 conviction, order of restitution or forfeiture, or sentence in this case.  This waiver shall not

25 be construed to bar a claim by the defendant of ineffective assistance of counsel.

26      6.      **DISCLOSURE OF INFORMATION**

27      a.      The United States retains the unrestricted right to provide information and

28

- 4 -

1  make any and all statements it deems appropriate to the U.S. Probation Office and to the

2  Court in connection with the case.

3       b.       Any information, statements, documents, and evidence that Defendant

4  provides to the United States pursuant to this agreement may be used against Defendant at

5  any time.

6       c.       Defendant shall cooperate fully with the U.S. Probation Office.  Such

7  cooperation shall include providing complete and truthful responses to questions posed by

8  the U.S. Probation Office including, but not limited to, questions relating to:

9            (1)       criminal convictions, history of drug abuse, and mental illness; and

10           (2)       financial information, including present financial assets or liabilities

11  that relate to the ability of the defendant to pay a fine or restitution.

12      **7.       FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

13      a.       Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. §§

14  924(d), 981 and 28 U.S.C. § 2461(c), all right, title, and interest in, and hereby withdraws

15  any claim to, the following (hereafter referred to collectively as the "Specified Property"):

16           (1)       One Glock Model 21 Gen 4, .45 caliber handgun, bearing serial

17                     number WNY245;

18           (2)       One Century Model M92, 7.62 x 39 caliber pistol, bearing serial

19                     number M92PV024614.

20      b.       Defendant agrees to fully assist the government in the forfeiture of the

21  Specified Property and to take whatever steps are necessary to pass clear title to the United

22  States, including, but not limited to, surrendering title and executing any documents

23  necessary to transfer Defendant's interest in any of the Specified Property to the United

24  States.

25      c.       Defendant consents to the entry of a preliminary order of forfeiture of the

26  Specified Property prior to sentencing and a final order of forfeiture of the Specified

27  Property at the later of the sentencing and judgment or after the conclusion of any ancillary

28

- 5 -

1  proceedings.  At the time of the entry of the Court's final judgment, any preliminary order of

2  forfeiture shall automatically be made final and be incorporated into the sentence and

3  judgment.

4       d.      Defendant waives the requirements of Federal Rules of Criminal Procedure

5  7(c)(2), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument,

6  announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the

7  judgment, to the extent such rules may apply to any of the Specified Property.

8       e.      Defendant agrees to hold the United States, its agents and employees

9  harmless from any claims whatsoever in connection with the seizure, storage, forfeiture

10  and/or disposal of Specified Property covered by this agreement.

11       f.      The abandonment, administrative forfeiture, or judicial forfeiture (civil or

12  criminal) of Defendant's right, title, and interest in any Specified Property shall not now or

13  in the future be treated as satisfaction of any assessment, fine, restitution, cost of

14  investigation or imprisonment, or any other penalty that the Court may impose upon the

15  defendant in addition to forfeiture.

16       g.      Nothing in this agreement shall prevent the United States from instituting

17  civil, judicial or administrative forfeiture proceedings against any additional forfeitable

18  assets in which Defendant has an interest.  Nothing in this agreement shall be construed to

19  protect Defendant from administrative or civil forfeiture proceedings or prohibit the United

20  States from proceeding with and/or initiating an action for civil forfeiture.

21       h.      Defendant agrees not to file a claim or assist others in filing a claim to any of

22  the Specified Property in any criminal or civil proceeding, administrative or judicial, which

23  may be initiated and agrees to abandon any claims already made in such proceedings.

24       i.      Defendant understands and agrees that, by virtue of Defendant's plea of

25  guilty, Defendant will waive any rights or cause of action that Defendant might otherwise

26  have had to claim that Defendant is a "substantially prevailing party" for the purpose of

27  recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding.

28

- 6 -

1    j.        Defendant acknowledges and agrees that the forfeiture of assets is part of the

2  sentence that may be imposed in this case and waives any failure by the court to advise

3  Defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

4    k.        Defendant knowingly and voluntarily agrees to waive all constitutional, legal,

5  and equitable defenses in any proceedings concerning the Specified Property (including

6  direct appeal, habeas corpus, or any other means), including, but not limited to, any

7  constitutional or statutory double jeopardy defense or claim and any claim or defense under

8  the Eighth Amendment to the United States Constitution.

9    l.        In the event the charge is dismissed, pursuant to paragraph three of this

10  agreement, Defendant waives, releases, and withdraws any claim that Defendant has

11  made with respect to the firearms listed in paragraph seven of this plea agreement, and

12  waives and releases any claim that Defendant might otherwise have made to it in the

13  future. Defendant waives any right Defendant might otherwise have had to receive notice

14  or a hearing with respect to any motion, pleading, order, or any other action that the

15  Government or the Bureau of Alcohol, Tobacco and Firearms might take, in its sole

16  discretion, to carry out the abandonment, disposition, and destruction of the firearms

17  listed in paragraph seven of this plea agreement.  Defendant's waiver includes, without

18  limitation, all common law, statutory, and constitutional claims or challenges, on any

19  grounds, arising at any time from, or relating to, the seizure, abandonment, administrative

20  forfeiture, disposition, and destruction of the firearms listed in paragraph seven of this

21  plea agreement, including any such claim for attorney fees and litigation costs.

22  Defendant agrees to hold the United States and the Bureau of Alcohol Tobacco and

23  Firearms, its agents and employees, harmless from any claims whatsoever in connection

24  with the seizure, abandonment, administrative forfeiture, disposition, and destruction of

25  the firearms listed in paragraph seven of this plea agreement.

26  //

27  //

28

- 7 -

**8.       ELEMENTS**

**False Statement During Purchase of a Firearm**

On or about February 8, 2014, in the District of Arizona:

1.       Defendant knowingly made a false statement or representation;

2.       Defendant made the statement or representation to a licensed dealer, importer, manufacturer or collector of firearms; and

3.       The statement pertained to information that the law requires the licensed dealer, importer, manufacturer or collector to keep.

**9.       FACTUAL BASIS**

a.       Defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

> On or about February 8, 2014, Defendant purchased a Glock Model 21 Gen 4, .45-caliber handgun, from Rim Country Guns, LLC, a Federal Firearms Licensee, located in Payson, Arizona, within the District of Arizona.  During the purchase, Defendant was required to truthfully complete an ATF Form 4473.  Defendant asserted on the form that his current residence address was 8523 Javelina Drive, Show Low, Arizona 85201, despite knowing that was not a true statement, and his actual address was in Payson, Arizona.

b.       Defendant shall swear under oath to the accuracy of this statement and, if Defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in Defendant's testimony may subject Defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney.  I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to

- 8 -

1   trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present

2   evidence in my defense, to remain silent and refuse to be a witness against myself by

3   asserting my privilege against self-incrimination, all with the assistance of counsel, and to be

4   presumed innocent until proven guilty beyond a reasonable doubt.

5          I agree to enter my guilty plea as indicated above on the terms and conditions set forth

6   in this agreement.

7          I have been advised by my attorney of the nature of the charges to which I am

8   entering my guilty plea.  I have further been advised by my attorney of the nature and range

9   of the possible sentence and that my ultimate sentence shall be determined by the Court after

10  consideration of the advisory Sentencing Guidelines.

11         My guilty plea is not the result of force, threats, assurances, or promises, other than

12  the promises contained in this agreement.  I voluntarily agree to the provisions of this

13  agreement and I agree to be bound according to its provisions.

14         I understand that if I am granted probation or placed on supervised release by the

15  Court, the terms and conditions of such probation/supervised release are subject to

16  modification at any time. I further understand that if I violate any of the conditions of my

17  probation/supervised release, my probation/supervised release may be revoked and upon

18  such revocation, notwithstanding any other provision of this agreement, I may be required to

19  serve a term of imprisonment or my sentence otherwise may be altered.

20         This written plea agreement, and any written addenda filed as attachments to this plea

21  agreement, contain all the terms and conditions of the plea.  Any additional agreements, if

22  any such agreements exist, shall be recorded in a separate document and may be filed with

23  the Court under seal; accordingly, additional agreements, if any, may not be in the public

24  record.

25         I further agree that promises, including any predictions as to the Sentencing Guideline

26  range or to any Sentencing Guideline factors that will apply, made by anyone (including my

27  attorney) that are not contained within this written plea agreement, are null and void and

28

- 9 -

1  have no force and effect.

2      I am satisfied that my defense attorney has represented me in a competent manner.

3      I fully understand the terms and conditions of this plea agreement.  I am not now

4  using or under the influence of any drug, medication, liquor, or other intoxicant or depressant

5  that would impair my ability to fully understand the terms and conditions of this plea

6  agreement.

7

8  Date _____ 2 - 9 - 15 _____        ROBERT LYNDEN HOWARTH

9                                     Defendant

10           **APPROVAL OF DEFENSE COUNSEL**

11     I have discussed this case and the plea agreement with my client in detail and have

12  advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

13  constitutional and other rights of an accused, the factual basis for and the nature of the

14  offense to which the guilty plea will be entered, possible defenses, and the consequences of

15  the guilty plea including the maximum statutory sentence possible.  I have further discussed

16  the concept of the advisory Sentencing Guidelines with the defendant.  No assurances,

17  promises, or representations have been given to me or to the defendant by the United States

18  or any of its representatives that are not contained in this written agreement.  I concur in the

19  entry of the plea as indicated above and that the terms and conditions set forth in this

20  agreement are in the best interests of my client.  I agree to make a bona fide effort to ensure

21  that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

22

23  Date _____ 2 - 9 - 15 _____        KENNETH COUNTRYMAN

24                                     Attorney for Defendant

25  //

26  //

27  //

28  //

- 10 -

1   **APPROVAL OF THE UNITED STATES**

2       I have reviewed this matter and the plea agreement.  I agree on behalf of the United

3   States that the terms and conditions set forth herein are appropriate and are in the best

4   interests of justice.

5                       JOHN S. LEONARDO
                    United States Attorney

6                       District of Arizona

    2-9-15

7   Date                       ANTHONY W. CHURCH

8                       Assistant U.S. Attorneys

9                 **ACCEPTANCE BY THE COURT**

10      2/9/15

11  Date                       HONORABLE ROSLYN O. SILVER

12                      United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -